(R.D. 11374)

Household Manufacturing Co. *v.* United States

(Decided October 17, 1967)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Rao, Chief Judge: The appeals for reappraisement enumerated on schedule A, attached to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement enumerated on the attached Schedule A, attached hereto and made a part hereof, consists of cutlery kitchen sets, etc.

. It is further stipulated and agreed that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely sold or offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, ex factory, and that there were no higher foreign values for such or similar merchandise at the time of exportation.

That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule A is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule A may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts and the cited authority, I find export value as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper

basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such values were the invoiced unit values, ex-factory.

Judgment will be entered accordingly.